UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ilan ELLMAN,<br><br>                      Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                     Defendants. | Case No.: 24-cv-2132-AGS-MMP<br><br>**ORDER GRANTING IN PART DEFENSE'S MOTION TO DISMISS (ECF 5)** |

      Plaintiff Ilan Ellman is suing San Diego County and employees "Does 1–10" for "violating" his "constitutional rights" while in custody. (ECF 1, at 2, 4.) In his sole federal claim, which involves only "Does 1–10," Ellman doesn't allege enough details about those unidentified defendants. So, his complaint must be dismissed.

      According to the complaint, Ellman "suffers from schizophrenia that is normally well controlled via medication." (ECF 1, at 3.) He was allegedly arrested while "having a psychotic episode" and "brought to the San Diego County Central Jail." (*Id.*) While being "processed for intake" "he spoke with defendant Does 1–10." (*Id.*) It "was obvious to these defendants that his ideation was strange and delusional, and that Ellman was seriously mentally ill." (*Id.*) Ellman "told the individual defendants that he believed he was 'God' and 'Jesus' and explained to the individual defendants that he was prescribed Seroquel and lithium to control the symptoms of his schizophrenia." (*Id.*) Yet the "defendants did not make any suggestion that Ellman should be classified as needing special housing because of his psychosis" nor did they "take any action to ensure that Ellman would be provided with Seroquel or lithium." (*Id.*) Unmedicated and unable to "safely navigate" the jail's "general population," he was seriously "injured" and "taken advantage of financially" while in custody. (*Id.* at 3–4.) Now out of custody, he brings a three-count complaint, including a single federal cause of action: a Fourteenth Amendment claim under 42 U.S.C. § 1983 against the Doe defendants only. (*Id.* at 4–7.) The defense moves to dismiss that

federal claim "with prejudice" because Ellman "fails to allege facts" from which any "Doe Defendants could be reasonably identified." (ECF 5-1, at 7, 9.)

When "the identity of alleged defendants will not be known prior to the filing of a complaint," plaintiffs may refer to them as "Doe" defendants and "should be given an opportunity through discovery to identify" them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But plaintiffs still "must set forth specific facts as to each individual defendant's" behavior. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). This often involves using descriptive placeholders that identify the Doe's role in the alleged constitutional violation. For example, in *Wakefield v. Thompson*—the case Ellman principally relies on—the plaintiff's complaint identified the Doe defendant as "the officer handling [plaintiff's] release procedure." 177 F.3d 1160, 1162 (9th Cir. 1999). And in *Powe v. Nevada*—also relied on by Ellman—the plaintiff identified the Doe defendants as the individuals who "responded to his" medical "kites" complaints. No. 17-cv-0470-JAD-GWF, 2019 WL 918982, at *3 (D. Nev. Feb. 22, 2019).

By contrast, Ellman's entire description of the Doe defendants is that they are "employees of the County of San Diego" who "performed the relevant acts within the course and scope of their employment." (ECF 1, at 2.) This leaves defendants, and the Court, guessing as to which individuals plaintiff is suing. For example, are these "Doe" defendants the officers who "arrested and brought" Ellman "to the San Diego County Central Jail?" (*See id.* at 3.) Or the employees who "processed" Ellman "for intake to the Central Jail?" (*See id.*) Of those, is Ellman leveling his claims against just the officers? Medical staff? Other county employees? Ellman's Doe allegations are too general to, as the defense suggests, "reasonably identif[y]" any individual defendant. (*See* ECF 5-1, at 7); *cf. Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 941 (S.D. Cal. 2022) (allowing claim to proceed against a "DOE Defendant" who was "either a La Mesa police officer or SDSD Deputy" that "fired the projectile that struck" plaintiff); *Estate of Schuck by & through Schuck v. County of San Diego*, No. 23-cv-0785-DMS-AHG, 2024 WL 500711, at *2, *6, *12 (S.D. Cal. Feb. 8, 2024) (permitting claim against the "Doe Medical Provider

2

defendant[]" who was the "mental health provider present during [plaintiff's] medical intake" screening but dismissing claims against other "Doe Medical Provider[s]").

Thus, Ellman's federal section 1983 claim—brought only against the Does and not the County—must be dismissed. But it "can possibly be cured by additional factual allegations," so the Court grants leave to amend. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

Because the Court has dismissed Ellman's only federal claim, it "may decline to exercise supplemental jurisdiction" over the remaining state-law claims. *See* 28 U.S.C. § 1367(c). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). Unless plaintiff states a federal cause of action, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

Accordingly, the Court **GRANTS IN PART** the defense's motion and **DISMISSES** Ellman's complaint with leave to amend. By **June 12, 2025**, Ellman must file any amended complaint. The June 17, 2025 hearing is vacated.

Dated:  May 15, 2025

_____
Hon. Andrew G. Schopler
United States District Judge